**Eileen R. SNELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–1283A424.**

Court of Appeals of Indiana, Fourth District.

Dec. 27, 1984.

Benedict F. Marnocha, South Bend, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Eileen R. Snell was convicted by the court of theft, a Class D felony under IND.CODE 35–43–4–2(a). On appeal, she challenges the sufficiency of the evidence to sustain that conviction.

The record in this case reveals that in early November 1981, Snell entered a Radio Shack store and purchased a weather alert radio and small power supply adapter. According to the store manager, Troy Harrison, Snell told him she taught classes at Purdue North Central (Purdue) and that the college would be paying for the radio equipment, which she intended to use for instructional purposes.

On the strength of this representation, Harrison allowed Snell to charge the items. He made out an invoice denoting the purchaser as "Mrs. E. Snell, P.N.C." and stat-

ing her correct home address. Harrison never forwarded a copy of the bill to Purdue. The following April, however, he contacted the college to determine why the bill had not been paid, and discovered that Snell had never worked for Purdue.

Harrison then contacted the police. A police officer telephoned Snell, who immediately returned to the store and paid for the radio equipment. Harrison stated that he never attempted to bill the defendant for these purchases.

■ In reviewing the sufficiency of this evidence, we must consider only the evidence favorable to the judgment, together with reasonable inferences which may be drawn therefrom. We may neither reweigh the evidence nor assess the credibility of witnesses. If substantial evidence of probative value establishes each element of the offense beyond a reasonable doubt, we must affirm. *Wilson v. State* (1983), Ind., 455 N.E.2d 1120; *Gatewood v. State* (1982), Ind., 430 N.E.2d 781.

The elements of theft are defined by IC 35–43–4–2(a):

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

■ In this case, we conclude that the evidence establishes only that Snell knowingly or intentionally exercised unauthorized control over the property. It is insufficient to prove beyond a reasonable doubt that she did so with the intent to deprive the store of the use or value of that property.

The evidence favorable to the state does indicate that Snell purposefully created a false impression that she worked for Purdue and that the college would be responsible for the bill. Unauthorized control of property is defined by IC 35–43–4–1(b)(4) to include control exerted "by creating or confirming a false impression in the other person." Harrison testified that he would not have allowed Snell to charge the items in the absence of this representation that she was authorized to purchase them on behalf of Purdue.

■ Obtaining a credit purchase on false pretenses constitutes a wrongful taking; it is not, however, tantamount to theft. The state must further prove that the defendant intended to deprive the owner of the property's use or value.

■ Because intent is a mental state not often susceptible of direct proof, it is commonly established by circumstantial evidence. In determining the actor's intent, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances. *Shields v. State* (1983), Ind.App., 456 N.E.2d 1033.

The circumstantial evidence in this case does not justify an inference that Snell intended to deprive the owner of the property. Rather, the uncontroverted evidence reveals that the defendant provided her correct name and address, which appear on the invoice in a manner indicating that she is held responsible as the direct purchaser. Snell could not reasonably have believed that Purdue would pay this bill, and she must have anticipated that Radio Shack would demand from her the payment which was not forthcoming from the college. The defendant never received a bill for the radio equipment, but when contacted by the police, she immediately proceeded to the store to remit the purchase price. These facts tend to negate the element of intent, and the record contains no other evidence sufficient to support a reasonable inference to the contrary.

■ Accordingly, the judgment is reversed.[1]

---

**1.** Having examined the relevant statutes as well as the charging information, we determine that the defendant has been charged only with theft, *see Compton v. State* (1984), Ind., 465 N.E.2d 711, and thus may not be convicted of a lesser included offense. *McGill v. State* (1984), Ind. App., 465 N.E.2d 211. Therefore, we may not remand for entry of a judgment on the lesser included offense of conversion.

CONOVER, J., concurs.

MILLER, P.J. dissents with separate opinion.

MILLER, Presiding Judge, dissenting.

I respectfully dissent.

In my opinion, Snell's deliberate misrepresentations (including obtaining the property without a sales tax charge by claiming Purdue University's tax-exempt status) was sufficient to have permitted the trier-of-fact to infer Snell had the intent at the time of the purchase to evade payment.