**David Lee FREEMAN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 4–385A59.

Court of Appeals of Indiana,
Fourth District.

Aug. 19, 1985.

L.R. Turner, Public Defender, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Appellant-Defendant David Lee Freeman (Freeman) appeals his class C felony conviction of driving while intoxicated resulting in death of another person under IND. CODE 9–4–1–54(b).[1]

ISSUE

At issue here is whether the evidence was sufficient to prove

(a) he operated a vehicle while intoxicated, and

(b) the operation of the vehicle resulted in the death of his passenger, Richard Jones (Jones).

---

**1.** I.C. 9–4–1–54(b), on the date of this accident, read

A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if

(1) the person is also charged in the indictment or information with having a previous conviction under this section, if that previous conviction occurred after June 30, 1978; or (2) the offense results in serious bodily injury (as defined by IC 35–41–1–2), other than death, to another person.

## FACTS

Freeman was involved in a one car auto accident on June 22, 1983. Freeman's passenger, Jones, was thrown from the vehicle and electrocuted by severed electrical transmission lines. At the time of the incident, Freeman was drunk.

He was charged with driving while intoxicated resulting in death, tried before a six member jury, and convicted. He was sentenced to five years' imprisonment.

## DISCUSSION AND DECISION

Freeman contends the evidence was insufficient to prove he was (a) driving while intoxicated, and (b) Jones's death proximately resulted from Freeman's driving while intoxicated.

When reviewing a sufficiency claim we look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. We neither reweigh the evidence nor assess the credibility of witnesses. If substantial evidence of probative value establishes each element of the offense beyond reasonable doubt, conviction must be affirmed. *See, Smith v. State* (1985), Ind., 474 N.E.2d 71, 73; *Snell v. State* (1984), Ind.App., 472 N.E.2d 215, 217.

■ Freeman does not contest the fact he was intoxicated. He so testified. (R. 603). However, he does contend the evidence was not sufficient to show he was operating the vehicle. We disagree.

There were no eyewitnesses to this incident. However, the automobile belonged to Freeman. Michael Jones, brother of the decedent and the last person known to have seen Freeman and Jones in the automobile, testified Freeman was driving. Further, Michael testified Freeman angrily insisted upon driving after Michael suggested Jones should drive.

Freeman made various statements admitting or denying being the driver. At least two police officers testified Freeman said he was the driver. (R. 521, R. 435). Finally, the police accident reconstruction expert (Cooper) testified it was his opinion Freeman was the driver, and Jones was thrown from the passenger side of the automobile. This evidence was sufficient evidence of probative value from which the jury could determine beyond reasonable doubt Freeman was driving the automobile.

■ Freeman also contends this evidence is insufficient to prove the death of Jones resulted from Freeman's driving while intoxicated. We disagree.

Freeman testified Jones walked from the vehicle into the severed electric lines following the accident (R. 606). As support for his contention, Freeman points to the following: (a) one of the victim's tennis shoes lay directly beside the passenger side door, (b) electricity exit wounds on the victim's left foot indicating the foot was in contact with the ground, (c) a lack of dirt and debris on the victim's body indicating he was standing, not prone as if thrown from the vehicle, and (d) a lack of damage to surrounding vegetation indicating Jones did not slide along the ground and into the wire when thrown from the vehicle. Freeman claims this evidence disproves the State's reconstruction of the incident.

The police accident reconstruction expert, Cooper, testified it was his opinion Jones was thrown from the car, slid along the ground, contacted the severed electric line, and was killed. He further testified the electric line was severed as a result of Freeman's auto hitting the pole. Further, the autopsy physician, Garnet, testified the electricity exit areas on Jones's body were located on the left back and on both feet (R. 187, State's Exhibit 1, p. 22). These wounds are consistent with the State's evidence Richard Jones was prone when electrocuted. Garnet also testified because of the abrasions on Jones's legs and because of the debris on his body he was of the opinion Jones had somehow slid along the ground or moved horizontally. (R. 187). Garnet did not rule out the possibility Jones walked into the wire, but his opinion was otherwise.

[3] Freeman contends various photographs introduced at trial should be considered substantive evidence under the si-

lent witness rule of *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012 rather than as merely demonstrative evidence. Freeman insists these photographs are of such value as to outweigh all other evidence presented. In other words, Freeman asks us to weigh the evidence. This we cannot do. *See Smith v. State*, 474 N.E.2d at 73; *Snell v. State*, 472 N.E.2d at 217. Because there was probative evidence on each element of the offense, we cannot disturb the jury's determination on appeal.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.