Jeffrey A. SHUMAN,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–785A213.

Court of Appeals of Indiana,
Third District.

Feb. 24, 1986.
Rehearing Denied March 31, 1986.

James H. Voyles, Jr., J.J. Paul, III, Ober, Symmes, Cardwell, Voyles, Zahn, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant Jeffrey Shuman was convicted of operating a motor vehicle while intoxicated resulting in the death of another person (Count I), IND.CODE § 9-11-2-5, a Class C felony; and driving while license suspended (Count III), IND.CODE § 9-1-4-52, a Class A misdemeanor. He was found not guilty of reckless homicide, (Count II), IND.CODE § 35-42-1-5, a Class C felony. Subsequent to this jury verdict, the trial court sentenced appellant to six years on Count I having found aggravating circumstances by way of appellant's prior driving while intoxicated (DWI) convictions and traffic offenses. The court imposed a one-year sentence for the Count III conviction. The sentences were to run concurrently and the court suspended two of the six years for Count I and ordered two years probation on condition appellant engage in educational endeavors through the department of probation. Shuman appeals his conviction raising, as restated, three issues:

(1) whether the trial court erred in refusing to sever Count III from Counts I and II;

(2) whether the trial court erred in admitting evidence of appellant's serum alcohol level rather than his blood alcohol level to prove intoxication; and

(3) whether there is substantial evidence to support the conclusion appellant's intoxication resulted in the death of another.

Appellant first alleges that the failure of the trial court to sever driving with suspended license charge from the reckless homicide and DWI resulting in death charges created a potential for substantial harm in that it allowed evidence to the jury

of appellant's driving record and license suspension.

The INDIANA CODE provides, in pertinent part, for the joinder and severance of offenses:

"35-34-1-9 Joinder of offenses or defendants

Sec. 9. (a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

\*　　\*　　\*　　\*　　\*　　\*

"35-34-1-11 Severance of offenses or separate trial of defendants joined

Sec. 11 (a) Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:

(1) the number of offenses charged;

(2) the complexity of the evidence to be offered; and

(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."

In this case, the offenses were joined because they were based on the same conduct, not because they were of same or similar character. Except for charges joined only because they are of same or similar character, severance is committed to the discretion of the trial court. In determining whether or not to sever, the

trial court must consider the statutory factors and decide whether severance will "promote a fair determination of defendant's guilt or innocence." *Eubank v. State* (1983), Ind., 456 N.E.2d 1012, 1017. Thus "[i]n making its decision, the court is to take into account 'the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense. [Cite.]' " *Abner v. State* (1985), Ind., 479 N.E.2d 1254, 1261. Once the trial court exercises its discretion under these circumstances, the appellate court will reverse the trial court's decision only where the defendant demonstrates the trial court clearly erred in denying severance. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 894. Applying these rules in *Dudley*, the Court found the charges had essentially distinguishable elements and factual bases and, in the absence of indications of confusion among the jurors, the trial court's decision not to sever the charges was affirmed. On the other hand, in *Douglas v. State* (1984), Ind., 464 N.E.2d 318, it was also not error to refuse to sever where all the evidence of one crime would have been admissible as to the other crime.

■ The appellant has failed to establish that the trial court's decision not to sever the driving with suspended license charge was clearly erroneous. All three counts arose from the same conduct, the driving of an automobile in the early morning hours of October 22, 1983. Each count required proof of the fact the appellant was operating a motor vehicle. In addition Count I required proof the defendant was intoxicated and a death resulted which was attributable to the intoxication of defendant. *Higginbotham v. State* (1981), Ind. App., 427 N.E.2d 896. Count II required proof of a reckless killing of another person. *Comer v. State* (1981), Ind.App., 428 N.E.2d 48, 54, *reh. denied, trans. denied.* Count III only required proof of a suspended license in addition to the driving element. Suspension of the license could be established by simply admitting the Bureau of Motor Vehicles' records. *Sewell v. State* (1983), Ind.App., 452 N.E.2d 1018. Thus, the charges, which arose from the same conduct, required proof of one common element and a number of dissimilar elements. The proof for each was not complex nor easily confused and in the absence of a showing of a failure to apply the proper proof to the proper charge, the decision not to sever was not clearly erroneous pursuant to the statutory factors of IND. CODE § 35–34–1–11.

However, appellant also urges the very evidence necessary to prove the suspended license charge created prejudice concerning the other driving charge in that his driving record and license suspension "shouts" to the jury the existence of a serious driving history. To support this argument, appellant relies on cases concerning whether or not evidence of prior convictions should be allowed to the jury before determination of the principal charge. *See, Duncan v. State* (1980), 274 Ind. 144, 409 N.E.2d 597 (error not to sever charge of possession of burglary tools by a convicted felon requiring evidence of a prior felony conviction potentially prejudicial to the other charge of conspiracy to commit a felony (burglary) charge); *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830 (when charging a crime and habitual offender, principal offense must be tried separately so prior conviction evidence will be admitted only on subsequent habitual offender allegation); and *Grimes v. State* (1983), Ind., 454 N.E.2d 388 (no error when court joined separately charged offenses of escape and theft since all charges arose from single ongoing scheme, evidence was not complex and fair determination of guilt or innocence not hindered). These cases are not determinative of the present case since the evidence of suspension did not entail placing before the jury evidence of prior convictions. A license may be suspended for reasons other than prior DWI convictions. Here the trial court admitted into evidence the certified copy of the Bureau of Motor Vehicles' records on Jeffrey Shuman for the limited purpose of reading to the jury the pertinent part. The prosecutor then

read to the jury only the following information:

"United States of America, State of Indiana, Office of the Commissioner, Bureau of Motor Vehicles. I, the Commissioner of the Bureau of Motor Vehicles of the State of Indiana, hereby certify the following .... the driving record of Jeffrey A. Shuman, D.O.B. 10/23/60, 7358 Galloway, Indianapolis, Indiana. Social Security S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, 155, Brown, 5'11", M, —date of 10/6/76 Probationary Operators License issued. Date of March 5, 1981, Operators License Issued. Status on October 22, 1983, suspended."

Therefore prior convictions of appellant were not placed before the jury and there is no indication the jury was in any manner prejudiced by the knowledge of the suspended license.

The trial court's decision not to sever the driving while license suspended charge is affirmed.

■  The appellant also contends the trial court erred in admitting evidence of the results of his serum alcohol level to establish the charge of operating a motor vehicle while intoxicated resulting in the death of another. The charging statutes provide:

"9–11–2–1  Class C misdemeanor

Sec. 1. A person who operates a vehicle with ten-hundredths percent (.10%), or more by weight of alcohol in his blood commits a Class C misdemeanor.

9–11–2–5  Class C felony; death

Sec. 5. A person who violates section 1 or section 2 of this chapter commits a Class C felony if the crime results in the death of another person."

In order to prove the .10% or more blood alcohol level (BAC), the legislature has provided:

"9–11–4–15  Evidence of blood alcohol content shown by chemical tests admissible

Sec. 15. At any proceeding concerning an offense under IC 9–11–2, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense at the time of the alleged violation, as shown by an analysis of his breath, blood, urine, or other bodily substance, is admissible."

In this case the evidence submitted by the State as to the appellant's alcohol level was in the form of the results of a serum alcohol content rather than a BAC. Blood had been drawn and reduced to serum for diagnostic purposes to aid in the treatment of Shuman at the time of his arrival in the emergency room. An alcohol content test was performed on the serum which indicated a level of .16%. In addition to the test results the State introduced expert witness testimony concerning conversion of the serum alcohol to blood alcohol level. Pursuant to the range of conversion figures offered, the BAC corresponding to the .16% serum level would be .138% to .128%. Any figures within the BAC range would therefore be above the .10% level necessary to establish intoxication.

Appellant questions the introduction into evidence of this information, asserting the conversion process is not sufficiently accurate to be accepted within the scientific community. He presented expert testimony condemning the procedure as used to establish intoxication.

While acceptance within the scientific community is generally required for introduction of expert testimony concerning a scientific procedure, *Cornett v. State* (1983), Ind., 450 N.E.2d 498 (concerning voice spectograph evidence), the Indiana legislature has addressed the issue concerning levels of alcohol in the body. IND. CODE § 9–11–4–15, *supra,* provides for the use of various bodily substances, in addition to whole blood, to be tested in order to establish the weight of alcohol in the blood. The statute, IND.CODE § 9–11–2–1, then sets the standard for intoxication in terms of weight of alcohol in blood which could only be determined by converting the results obtained from the testing of the other bodily substances. Thus our legislature has provided for the use of the evidence to which appellant objects. Appellant's expert witness admitted the Indiana statute allows such conver-

sions, but stated other states are reevaluating such procedure because of the possibility of error. This argument, however, is better addressed to the legislature as such reevaluation of the statute and possible change occasioned thereby are legislative, not judicial, functions.

The basic evidence being admissible pursuant to statute, the differences of opinions presented by the experts as to the validity of the figures resulting from the conversion procedure do not prevent admissibility of the results. The final decision as to the weight to be given the test results is a matter left to the jury after presentation of evidence and cross-examination of experts. *Orr v. State* (1984), Ind.App., 472 N.E.2d 627, *trans. denied.* Therefore the evidence of the results of the serum alcohol content test was properly admissible with evidence of conversion procedure.

Finally, appellant questions the sufficiency of the evidence to sustain his conviction of operating a motor vehicle while intoxicated resulting in a death, asserting failure of the State to prove the death was the result of his intoxication. To convict pursuant to IND.CODE § 9–11–2–5, *supra,* the State must prove beyond a reasonable doubt the intoxication did cause the death. *Higginbotham v. State, supra,* Ind.App., 427 N.E.2d 896 (construing predecessor statute, IND.CODE § 9–4–1–54, repealed by P.L. 143, 1983, SEC. 9). However, to determine the sufficiency of the evidence to prove causation, the appellate court will neither weigh the evidence nor judge the credibility of witnesses since those are fact-finder responsibilities. This Court looks only to the evidence most favorable to the State and the reasonable inferences therefrom, and if the conviction is supported by substantial evidence of probative value, it will be affirmed. *Orr v. State, supra,* 472 N.E.2d at 638. In this case, there was evidence presented which tended to establish appellant's intoxication resulted in the death. Payne, the driver of the other vehicle involved in the accident, testified the auto driven by Shuman darted out in front of him as he approached the intersection. In addition there was testimony presented as to appellant's unsafe driving just prior to the accident. On the other hand there was evidence presented as to the intoxication of the other driver, Payne, his lack of reaction to the Shuman-driven vehicle by way of braking or trying to avoid the collision, his possible high rate of speed in going through an intersection as opined by an expert witness and his lack of veracity when first questioned at the scene. There being probative evidence as to causation both by Shuman and Payne, the jury had the final decision and we will not reweigh the evidence nor reassess the credibility of witnesses in reaching that decision. *See, Freeman v. State* (1985), Ind.App., 482 N.E.2d 266.

Having found no error, the trial court judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.