James S. BARAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9209–CR–311.

Court of Appeals of Indiana,
Fifth District.

Nov. 8, 1993.

J.J. Paul, III, Ober Symmes Cardwell Voyles & Zahn, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office Of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

James Baran appeals his conviction of operating a vehicle with ten-hundredths percent (.10%) or more of alcohol by weight in the blood. Because we reverse, we address only the issue whether the evidence was sufficient to support the conviction.

On February 20, 1991, State Trooper David Henson observed the truck being driven by Baran weave from lane to lane. Henson pulled Baran over and subsequently took Baran to the police station for a BAC breath test. The result of the test was recorded as ".11." Baran was then charged with two counts: 1. operating a vehicle while intoxicated, and 2. operating a vehicle with ten-hundredths percent (.10%) or more of alcohol by weight in the blood.

After a bench trial, the trial court found Baran not guilty of Count I and entered a judgment of conviction on Count II. The only evidence introduced at trial to prove that Baran's blood alcohol content by weight was .10% or more was the printout from the Intoxilyzer 5000 machine used to give Baran the breath test. That form reported a "BAC Value" of ".11."

■ Baran argues that this evidence is not sufficient to support the conviction because there is no evidence that ".11" represented the blood alcohol content as a *percentage by weight* as required by Ind.Code 9-11-2-1 (recodified as I.C. 9-30-5-1; P.L.2-1991, Sec. 18). That statute provided: "A person who operates a vehicle with ten hundredths percent (.10%), or more by weight of alcohol in his blood commits a Class C misdemeanor." Only evidence of the amount of alcohol *by weight* in the person's blood can support a conviction of I.C. 9-11-2-1 (now I.C. 9-30-5-1). *Melton v. State* (1992), Ind.App., 597 N.E.2d 359, 361. Further, the statute provides that the evidence must show that the amount by weight is at least .10 *percent.* Thus, evidence of the amount of alcohol must be expressed as a *percentage by weight.* The State failed to produce such evidence here.

■ As stated above, the only evidence offered to prove Baran had a blood alcohol content of at least .10 percent by weight is the printout from the intoxilyzer machine showing that the BAC result was ".11." This does not state that the measurement is a percentage, nor does it state that it is a measurement by weight. The State did not offer testimony explaining whether the machine printout recorded the blood alcohol content test result as a percentage by weight. While the State urges, given the Intoxilyzer 5000's common usage among law enforcement officers, that it be judicially noticed that the machine printout gives the result as a percentage by weight, we are not persuaded. In fact, the State's own witness, the State Trooper who administered the test to Baran, did not know whether the result was recorded as a volume measurement or a weight measurement:

Q. Trooper Henson is that a volume measurement or a weight measurement?

A. It's not listed. It's listed as .11.

Q. I'm asking you, is that a measurement of .11 by volume or by weight?

A. I do not know. You'd have to refer to somebody from the Department of Toxicology.

R. 131–132. When the person who administered the test cannot say that the result is given in terms of a percentage by weight, we cannot say that the same information can be judicially noticed. Without this critical evidence, the State did not present sufficient evidence that Baran was operating a vehicle with ten hundredths percent (.10%) or more by weight of alcohol in his blood.[1] Because the evidence does not support the conviction, we reverse the judgment of the trial court.

REVERSED.

SULLIVAN, J., concurs in result.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

I respectfully dissent. In reviewing a claim of sufficiency of the evidence, our standard of review is well settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114. Where a case is tried to the bench without the intervention of a jury, the trial judge's determination of a factual issue will be set aside only if the nonconflicting evidence supports a result contrary to the judge's

determination. *Taylor v. State* (1988), Ind., 530 N.E.2d 1185.

In this case, the judge determined that the result of the Intoxilyzer 5000 was sufficient to sustain Baran's conviction. The nonconflicting evidence does not support a contrary result and thus Baran's conviction should not be reversed on the grounds relied upon by the majority.

For years law enforcement officers throughout this State have relied upon various mechanical devices to measure a person's breath for the existence of alcohol. The devices include the Breathalyzer, the Intoximeter 3000, the Intoxilyzer 4011A, the Intoximeter 4011AS, the B.A.C. Verifier, and the Intoxilyzer 5000. *See* 260 IAC 1.1–4–1 to 4–5. When the device, the operator, the techniques or chemicals used, if any, have been properly certified by the Director of the Department of Toxicology of Indiana University School of Medicine, then the test results are admissible into evidence to prove a person operated a vehicle with at least 0.10% by weight of alcohol in the person's blood. *See* Ind.Code § 9–30–6–5(d). Here, the defendant does not challenge the certification of either the operator or the test equipment.

Indiana Code § 9–30–6–5(a)(2) mandates the Director of the Department of Toxicology to adopt "[s]tandards and regulations for the: (A) selection; and (B) certification; of breath test equipment and chemicals." In my view, the Director of the Department of Toxicology would not adopt standards and regulations for the Intoxilyzer 5000 and the other certifiable breath test machines unless the equipment possessed the capacity to measure the percent of alcohol

---

1. The dissent cites to *Regan v. State* (1992), Ind.App., 590 N.E.2d 640, in support of its conclusion that the evidence is sufficient. In *Regan* the Third District concluded the evidence was sufficient where the Intoxilyzer 5000 printout showed a result of .15. The defendant did not challenge that evidence as insufficient on the ground that there was no evidence that the ".15" was a measurement of the percentage by weight of alcohol in his blood. Thus, the court in *Regan* did not address the issue we are presented in this case.

Further, the dissent would not expect the intoxilyzer machine operators to know whether the machines report BAC results as a percentage by weight, and yet, would allow the fact-finder, who generally has less experience with the machines than the machine operators, to *presume* that the machine measures the BAC results as a percentage by weight. Indiana Code 9–11–2–1 requires that the State *prove* a BAC of .10% or greater by weight of alcohol. We cannot presume that the intoxilyzer machines measure results as a percentage by weight merely because the statute requires the State to present its proof in terms of a percentage by weight of alcohol.

by weight in a person's blood. Otherwise certification would be useless and unnecessary.

Simply because the printout sheet from the Intoxilyzer 5000 does not express the numerical value in terms of percentage nor specifically intone the words "by weight of alcohol in blood" certainly cannot mean the machine was selected and certified for some other purpose. Further, unlike the majority, I would not expect a State Trooper or any other certified equipment operator to be able to testify of his own personal knowledge that the Intoxilyzer 5000 recorded alcohol by weight rather than by volume. Generally, such knowledge would be a matter of hearsay obtained only by way of classroom instruction.

The Intoxilyzer 5000 printout showing ".11" was sufficient to support Baran's conviction for operating a vehicle with at least .10% by weight of alcohol in his blood. This view is consistent with *Regan v. State* (1992), Ind.App., 590 N.E.2d 640. In that case we affirmed the defendant's conviction for operating a vehicle with .10% of alcohol in his blood even though the evidence showed the Intoxilyzer 5000 registered ".15." *Id.* at 645. In like fashion, the defendant's conviction in this case should not be reversed on the grounds relied upon by the majority.