**Melvin C. DAUM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A01–9304–CR–122.**

Court of Appeals of Indiana,
First District.

Dec. 21, 1993.

Transfer Denied Feb. 18, 1994.

J.J. Paul, III, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Melvin C. Daum appeals his conviction after a bench trial of operating a vehicle with ten-hundredths percent (.10%), or more, by weight, of alcohol in his blood. Daum raises two issues, neither of which constitute reversible error.

### FACTS

The facts in the light most favorable to the trial court's judgment indicate that on the evening of October 13, 1991, Daum consumed an unspecified amount of alcoholic beverages at a tavern. Shortly before midnight, a State Trooper observed a pickup truck straddling the white dotted line that divided the two lanes of westbound traffic. The officer then observed the pick-up move to the right lane without signalling and then move back to straddle the dotted center line without signalling.

The police officer pulled the pick-up truck over. At approximately 11:53 P.M., the officer approached the driver of the pick-up, Daum, and asked him for his driver's license and registration. The officer suspected that Daum was intoxicated. Daum failed field sobriety tests and an alco-sensor test. Daum agreed to take a breath test.

The police officer handcuffed Daum's hands behind his back, placed him in the front seat of his squad car, and fastened a seat belt around him. The officer then went back to the pick-up truck to converse with Daum's passenger.

The officer then transported Daum to the police department and administered a breath test using an Intoxilyzer 5000 machine at 12:20 A.M. The result of the breath test revealed that Daum had a blood alcohol content of 0.18.

Additional facts are supplied as necessary.

## DECISION

### I.

Whether the State laid a sufficient foundation for the admission of the results of the breath test?

Daum argues that the State failed to establish the 20 minute observation period required by Step One of the testing procedure prescribed by 260 IAC 1.1–3–1(b) which reads:

> The person to be tested must have had nothing to eat or drink, must not have put any foreign substance in his/her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken.

Daum argues that the police officer did not continuously observe him for twenty minutes before administering the test. Daum points out that the officer left him handcuffed in the front seat of the police car unattended while he went up to talk with Daum's passenger. Daum suggests that he might have vomited alcohol from his stomach into his mouth while the officer was not "observing" him, requiring the

twenty minute period to run anew before a valid breath test could be run.

■ The regulation above, 260 IAC 1.1–3–1(b), does not require twenty minutes of continuous observation. The regulation requires evidence that the person tested have had nothing to eat, drink, smoke, or have put any foreign substance in his mouth or respiratory tract within twenty minutes of the breath test. Daum's proffered "continuous observation" requirement is specious: one may wonder how the officer could be expected to drive without taking his eyes off of his passenger.

■ In the present case, the police officer testified, "I observed Mr. Daum for 27 minutes. 11:53 to the time of the test 12:20." The officer testified that during this period of time he did not observe Daum smoke or place anything in his mouth or respiratory tract.

The sufficiency of a foundation is a matter addressed to the sound discretion of the trial court reversible only for an abuse of discretion. *Sutton v. State* (1981), Ind. App., 422 N.E.2d 430. The State met its burden of establishing the twenty minute observation period required to obtain a valid breath test. Therefore, the trial court abused no discretion in permitting the admission of the breath test results.

### II.

Whether the evidence was sufficient?

■ In reviewing the sufficiency of the evidence, we consider the evidence most favorable to the judgment together with all reasonable inferences which may be drawn from that evidence and, if there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Whittle v. State* (1989), Ind., 542 N.E.2d 981. We neither reweigh the evidence nor rejudge the credibility of the witnesses. *Traxler v. State* (1989), Ind.App., 538 N.E.2d 268.

In the present case, the Intoxilyzer 5000 breath test indicated a "REPORTED VALUE .18%." Daum argues this evidence is insufficient because it was not specifically

**1298**

stated in terms of alcohol content by weight as required to support a conviction under Ind.Code 9–30–5–1; *Burp v. State* (1993), Ind.App., 612 N.E.2d 169. He argues that evidence of a conversion process must be presented to establish the required percentage by weight of alcohol in blood, or BAC, citing *Melton v. State* (1992), Ind. App., 597 N.E.2d 359, *trans. denied,* and *Schuman v. State* (1986), Ind.App., 489 N.E.2d 126, *trans. denied.*

*Melton* and *Schuman* are inapposite to the case at bar because they both involved tests taken from blood samples reduced to plasma or serum. Alcohol content of whole blood is not the same as the alcohol content of either the plasma or serum portion of blood. *Id.* Therefore, the results of tests performed on plasma or serum require conversion to obtain the percentage of alcohol by weight in whole blood, or BAC. *Id.; Burp,* 612 N.E.2d 169.

In the present case, Daum's blood alcohol content was tested by an Intoxilyzer breath test machine which expresses its results by the required percentage by weight of alcohol or BAC. *See Burp,* 612 N.E.2d at 174; 260 IAC 1.1–2–1(e)(2). Therefore, no conversion is necessary to establish BAC supporting a conviction under I.C. 9–30–5–1. *Id.*

We respectfully disagree with the majority decision of our Fifth District in *Baran v. State,* Ind.App., 622 N.E.2d 1326, which held that an Intoxilyzer machine's printout of a BAC of ".11" was insufficient to support a conviction under I.C. 9–30–5–1 because no evidence was presented that the BAC was expressed as a percentage by weight. We agree with the dissenting opinion of Judge Rucker. The standards and regulations adopted by the Director of the Department of Toxicology pursuant to Ind.Code 9–30–6–5(a)(2) provide that Intoxilyzer breath test machines measure the percentage of alcohol by weight in a person's blood. 260 IAC 1.1–2–1(e)(2).

Thus, the Intoxilyzer 5000 test result of .18% in the present case constitutes sufficient evidence that Daum's BAC (measured in terms of percentage by weight) exceeded .10%. Therefore, we find no error.

Judgment affirmed.

NAJAM, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

The majority opinion of this Court in *Baran v. State,* Ind.App., 622 N.E.2d 1326 is a correct statement of the law. The State is required to present evidence at trial that supports each element of the crime charged. Evidence must be introduced that the test given reports in terms of alcohol content by weight. In this case, the State failed to introduce such evidence.

The judgment should be reversed.