Michael C. **MULLINS**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A02–9301–CR–18.

Court of Appeals of Indiana, Third District.

Feb. 28, 1994.

J.J. Paul, III Symmes Voyles Zahn Paul & Hogan, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Michael C. Mullins appeals his conviction for operating a vehicle with at least ten-hundredths percent (.10%) by weight of alcohol in his blood, a Class C misdemeanor.

One issue raised by Mullins is dispositive of the appeal: whether the evidence is sufficient to sustain his conviction. A court reviewing the sufficiency of the evidence will neither weigh the evidence nor judge the credibility of the witnesses. The court will consider only the evidence most favorable to the verdict, together with all reasonable inferences therefrom. If substantial evidence of probative value exists from which a trier of fact could find guilt beyond a reasonable doubt, the judgment must be affirmed. *Johnson v. State* (1992), Ind.App., 593 N.E.2d 208, 209.

The statute under which Mullins was convicted provides, in pertinent part:

> "(a) A person who operates a vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood commits a Class C misdemeanor."

IND.CODE § 9–30–5–1 (1991 Supp.). The evidence adduced at trial does not relate Mullins' percentage of blood alcohol *by weight*. State's Exhibit No. 3 is a "BAC DataMaster Evidence Ticket" which recorded a "BREATH ANALYSIS" of .20. The police officer testified that the test "results were .20 at 2:39, percent blood alcohol content." Neither the "Evidence Ticket," nor the officer's testimony reveals the percentage by weight.

> *See Baran v. State* (1993), Ind.App., 622 N.E.2d 1326, 1327–1328, Rucker, J. dissenting, (absent evidence of percentage by weight, evidence insufficient to support verdict);
>
> *but see Daum v. State* (1993), Ind.App., 625 N.E.2d 1296.

The State's contention that the test results are implicitly by weight is unavailing. Penal statutes must be strictly construed against the State. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 723. "In construing a statute, effect should be given to every word and

clause therein." *Id.* Accordingly the clause, "by weight," cannot be ignored. Further, this Court cannot supply missing evidence by implying its existence.

Therefore, the evidence is insufficient to support the conviction. The judgment of conviction is reversed.

Reversed.

STATON and GARRARD, JJ., concur.