Jeffrey NASSER, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–9206–CR–283.

Court of Appeals of Indiana,
Second District.

March 17, 1994.

J.J. Paul, III Ober Symmes Cardwell Voyles & Zahn, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Jeffrey Nasser appeals his conviction of Operating a Vehicle with at least ten-hundredths percent (.10%) by Weight of Alcohol in the Blood, a Class C misdemeanor.[1] The dispositive issue upon appeal is whether the evidence supports the judgment.

We reverse.

In brief, the facts reveal that in the early morning hours of November 14, 1990, Nasser was driving northbound on Meridian Street after dining and drinking in downtown Indianapolis. Nasser struck three parked cars when a vehicle swerved into his path forcing him to the side of the road. During the accident investigation, Officer Julie Schiff noted that Nasser appeared intoxicated. After administering field sobriety tests, Schiff transported Nasser to IPD headquarters. There, Nasser completed an Intoxilyzer 5000 Breath Test. The test resulted in a printout showing: "BAC Value" of ".14". Record at 292.

Indiana Code 9–11–2–1 provided: "A person who operates a vehicle with ten-hundredths percent [.10%], or more, *by weight of alcohol in his blood* commits a class C misdemeanor." (Emphasis supplied). Unless the State puts forth evidence of the amount of alcohol by weight in a person's blood, a conviction for this offense cannot stand. *Melton v. State* (1992) 4th Dist. Ind.App., 597 N.E.2d 359, *trans. denied.*

In *Baran v. State* (1993) 5th Dist. Ind. App., 622 N.E.2d 1326 (Rucker, J., dissenting), this court reversed a conviction in similar circumstances. *Contra, Daum v. State* (1993) 1st Dist. Ind.App., 625 N.E.2d 1296 (Hoffman, J., dissenting).

Here, the State introduced the results of the Intoxilyzer test. However, the State did not introduce evidence that the reported value was a percentage or that it was a measurement by weight of alcohol in Nasser's blood. *Baran, supra,* 622 N.E.2d at

1. I.C. 9–11–2–1 (Burns Code Ed.1987) (recodi-   fied as I.C. 9–30–5–1 (Burns Code Ed.1991)).

1327. Although Nasser's counsel did not question the relevancy of the reported value, as did counsel in *Baran, supra,* such inquiry is not a requisite to Nasser's defense. It is the State's task to build its case based upon the elements of the offense charged. Having failed to do so, the evidence can not support the judgment.

The judgment of the trial court is reversed.

FRIEDLANDER, J., concurs.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

I respectfully dissent for the same reasons I dissented in *Baran v. State* (1993), Ind. App., 622 N.E.2d 1326.