**John H. THURMAN, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9506–CR–226.**

Court of Appeals of Indiana.

Feb. 29, 1996.

Timothy J. Burns, Indianapolis, for appellant.

Pamela Carter, Attorney General and Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

John H. Thurman appeals his conviction for operating a vehicle while intoxicated, a class C misdemeanor. Thurman raises two issues for review, which we restate as:

(1) whether the trial court erred in admitting the results of Thurman's breath test; and

(2) whether the evidence was sufficient to support Thurman's conviction.

We affirm.

The facts most favorable to the judgment follow. On the night of October 30, 1993, the Marion County Sheriff's Department set up a road block to preserve the area for a police investigation on an unrelated matter. Sheriff Deputy Kelly Weidner was dispatched to block the traffic on Michigan Road in Indianapolis. Weidner blocked the southbound lane of traffic with his squad car and activated the car's emergency lights and head lights. In addition, Weidner placed four flares on both sides of the road. Weidner then directed all southbound traffic onto Cold Springs Road.

At approximately 1:28 a.m. on the same night, Weidner observed a vehicle traveling southbound on Michigan Road and approaching his squad car. Weidner exited his vehicle and motioned for the vehicle to turn onto Cold Springs Road. After the vehicle began to cross the center line of Michigan Road, Weidner shouted for the driver to stop. However, the vehicle passed the front of the squad car, passed a flare, and proceeded southbound on the northbound lane of Michigan Road. After Weidner yelled again, the vehicle stopped.

Weidner approached the vehicle and spoke with Thurman, the driver. Thurman indicated he was unaware that he should not have passed the squad car. Weidner noted that Thurman's eyes were "noticeably glassy" and that his speech was slow and slurred. Record, p. 128. Weidner also noticed that Thurman was slow to respond and that he smelled of alcohol.

Weidner instructed Thurman get out of the car and administered three field sobriety tests. Thurman passed one of the tests but failed the other two. Weidner concluded he had probable cause to believe Thurman was driving while intoxicated. Weidner then informed Thurman of the implied consent law and obtained Thurman's consent to administer a breath test.[1]

Thurman was transported to the Sheriff's Department. At approximately 1:55 a.m., Weidner, a certified breath test operator, administered a breath test using a BAC Verifier machine. The result of the breath test indicated that Thurman had a blood alcohol content of 0.13%. Thurman was subsequently charged with driving while intoxicated and operating a vehicle with a blood alcohol content of at least 0.10% (the "BAC charge"). After a jury trial, Thurman was found not guilty of the driving while intoxicated charge and guilty of the BAC charge. He was sentenced to sixty days, with sixty days suspended, and placed on probation for one hundred and eighty days. Thurman now appeals.

### I.

The first issue raised for our review is whether the trial court improperly admitted the results of Thurman's breath test at trial. For results of a breath test to be admissible, the test operator, test equipment, chemicals used in the test, and the techniques used in the test must have been approved by the department of toxicology. Ind.Code § 9–30–6–5(d); *see Sell v. State,* 496 N.E.2d 799, 801 (Ind.Ct.App.1986). Thurman contends that the techniques established by the department of toxicology were not followed.

As the party offering the results of a breath test, the State has the burden of establishing the foundation for admitting the test. Thus, the State must establish the proper procedure and demonstrate that the operator followed the procedure. *Baran v. State,* 639 N.E.2d 642, 646 (Ind.1994). The proper procedures are established by the administrative code, which provides in part:

"The person to be tested must have had nothing to eat or drink, must have [sic] not have put any foreign substance in his/her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken."

260 Ind.Admin.Code § 1.1–4.5. The trial court properly took judicial notice of the regulation. *See* I.C. § 4–22–9–3 (providing that a rule published in the administrative code shall be given judicial notice). The sufficiency of a foundation for admitting the results of a breath test is a matter within the sound discretion of the trial court. *Daum v. State,* 625 N.E.2d 1296, 1297 (Ind.Ct.App.

---

**1.** Ind.Code § 9–30–6–1.

1993), *trans. denied.* We review the trial court for an abuse of discretion. *Id.* Here, Weidner testified that he observed Thurman from the time of the initial stop until the administration of the test, that he did not see Thurman place anything in his mouth, and that he did not observe anything in Thurman's mouth. Furthermore, Weidner testified that he was specifically trained to watch the test subject so as not to allow the placement of any foreign substances into the subject's mouth or respiratory tract.

 Notwithstanding this evidence, Thurman maintains that Weidner was affirmatively required to open and visually inspect his mouth. In addition, while conceding that there is no case law to support his proposition, Thurman nonetheless argues that imposing a duty on an officer to open the test subject's mouth is reasonable and, moreover, that the duty is implicitly included in the administrative code. Upon our review, we disagree with Thurman's argument that imposing the duty is reasonable, and we decline the opportunity to interpret the administrative code in the manner proposed by Thurman. We find that the administrative code establishes the proper foundation for admitting the test results and that it is unnecessary to impose this additional burden on police officers. Furthermore, our decision is supported by another case in which we decided that a police officer does not even have the burden of "continuous observation" of the test subject. *Daum,* 625 N.E.2d at 1297. If an officer is not required to continuously observe the subject, then it seems reasonable that the officer is not required to look into the test subject's mouth.

We find that the State established a sufficient foundation from which the trial court could conclude that the regulation was satisfied. Accordingly, the results of the breath test were properly admitted into evidence.

## II.

 The second issue for our review is whether the evidence was sufficient to support Thurman's conviction for the BAC charge. Our standard of review for challenges to the sufficiency of the evidence is well established. We neither reweigh the evidence nor judge the credibility of the witnesses. *Washington v. State,* 441 N.E.2d 1355, 1358 (Ind.1982). We will consider the evidence most favorable to the judgment. *Braswell v. State,* 550 N.E.2d 1280, 1284 (Ind.1990). If there is substantial evidence tending to support the judgment, the conviction must be affirmed. *Hutchinson v. State,* 477 N.E.2d 850, 855 (Ind.1985).

 A person commits a class C misdemeanor if the person "operates a vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the persons blood". I.C. § 9–30–5–1(a). Here, Weidner testified that Thurman was operating a vehicle. The breath test, performed approximately twenty-seven minutes later, established that Thurman had a blood alcohol content of 0.13%. Based on this evidence, the jury could conclude that Thurman's blood alcohol content exceeded the minimum 0.10% allowed by statute while operating a vehicle. Since we find substantial evidence to support the judgment, we must affirm Thurman's conviction. *See Hutchinson,* 477 N.E.2d at 855.

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.

AFFIRMED.

RUCKER and RILEY, JJ., concur.