**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Steven JOHANSON, Appellee–Defendant.**

**No. 65A05–9709–CR–388.**

Court of Appeals of Indiana.

April 30, 1998.

Jeffrey A. Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

William W. Gooden, Mt. Vernon, for Appellee–Defendant.

1. The State charged Johanson with Operating a Vehicle While Intoxicated, a class A misdemeanor, and Operating a Vehicle with a Blood Alcohol Content of .10% or more, a class C misdemeanor.

## OPINION

FRIEDLANDER, Judge.

In this interlocutory appeal, the State appeals from a grant of Steven Jay Johanson's motion to suppress and presents the following restated issue: [1]

> Did the trial court err in granting Johanson's motion to suppress the results of his intoxication test where the breathalyzer machine malfunctioned, did not print the results, and the test operator wrote down the time and results of the test?

We affirm.

During the evening of January 22, 1997, Mount Vernon Police Officer Bryan Askren stopped the vehicle Johanson was driving after noticing that the headlights were not on. Askren detected the smell of alcohol on Johanson's breath and noted that Johanson's speech was slurred, his eyes were bloodshot, and his balance and manual dexterity were poor. Although he passed two field sobriety tests which required him to touch his finger to his nose and count to five using his fingers, he failed the one-leg-stand test and the walk-and-turn test. Further, Johanson's blood alcohol content (BAC) registered. .16% on Askren's alco-sensor machine.

Johanson was taken to the Posey County Jail where Indiana State Police Trooper Kevin Wayne Waters, a breath test operator, administered a breath test using an Intoxilyzer 5000. Johanson's BAC registered .16% on the Intoxilyzer's digital screen, but Trooper Waters noticed that the information did not print properly onto a print card as expected.[2] Waters manually wrote the BAC displayed results and the time of the test on the print card.

The trial court, upon a motion to suppress by Johanson, did not admit the results of the Intoxilyzer into evidence. This interlocutory appeal then ensued.

■ In order to admit breathalyzer test results, the test operator, test equipment,

2. Trooper Waters testified that the information "was either slanted or didn't display on the card where you could read it." *Record* at 45.

chemicals used in the test, if any, and the techniques used in the test must have been approved by the department of toxicology. Ind.Code Ann. § 9–30–6–5 (West Supp.1997). The techniques approved by the toxicology department are set forth in 260 IAC 1.1–4–4, which provides in pertinent part:

> 3) Fill in a PRINT RECORD card with the appropriate information and place it in the PRINTER SLOT.
>
> 4) When instrument displays "Please Blow," attach a new mouthpiece to the BREATH TUBE and instruct the subject to deliver his breath sample until the audible signal stops.
>
> 5) Check the PRINT RECORD to make sure it is correct.

Failure to follow the techniques renders the breath test's results inadmissible. *Bowman v. State*, 577 N.E.2d 569 (Ind.1991).

■ The State contends that the techniques established by the department were followed and, therefore, the trial court abused its discretion in not admitting the test results. The State has the burden of establishing the foundation for admitting the breath test because the State is the party offering the results of the test. *Thurman v. State*, 661 N.E.2d 900 (Ind.Ct.App.1996). Therefore, the State must set forth the proper procedure and show that the operator followed such procedure. *Id.* The sufficiency of a foundation for admitting breathalyzer test results is a matter left to the sound discretion of the trial court. *Daum v. State*, 625 N.E.2d 1296 (Ind.Ct.App.1993), *trans. denied.* Thus, the trial court is reviewed for an abuse of discretion. *Id.*

■ In the instant case, the State and Johanson agree that the BAC registered on the Intoxilyzer's screen did not print properly onto the print record, but disagree as to whether Trooper Waters complied with the technique set forth by step 5. The State contends that Trooper Waters did comply with step 5 by looking at the print card and that the regulation did not prohibit him from manually recording the test results. The State also claims that other evidence which it introduced, i.e., the testimony of Trooper Waters, was sufficient to establish the foundation for the admission of the test results.

■ The statute and regulations governing the administration of breathalyzer tests clearly contemplate strict compliance and there is no indication that this requirement can be circumvented by the introduction of inherently less reliable evidence. *Bowman v. State*, 564 N.E.2d 309 (Ind.Ct.App.1990). Regardless of the credibility of the test operator, step 5 directs the operator to check the "print record" and does not include consideration of other evidence. The print card is independent evidence that is mandated by the regulations. Therefore, the testimony of Trooper Waters is not sufficient to demonstrate the foundation for the admission of the test results.

Accordingly, we hold that the trial court did not abuse its discretion in refusing to admit the breathalyzer test results into evidence.

Judgment affirmed.

SULLIVAN and KIRSCH, JJ., concur.