Laura E. GIBSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A04–0202–CR–74.

Court of Appeals of Indiana.

Oct. 25, 2002.

Samuel S. Shapiro, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Laura Gibson ("Gibson") is charged with operating while intoxicated,[1] a Class A misdemeanor, in Monroe Circuit Court. Gibson filed a motion to suppress her refusal to submit to a chemical test. The motion was denied. Gibson has filed this interlocutory appeal arguing that the trial court abused its discretion when it denied Gibson's motion to suppress her refusal to submit to a breathalyzer test.

We affirm.

### Facts and Procedural History

On May 3, 2001, at approximately 2:43 a.m., Officer Brian James ("Officer James") of the Bloomington Police Department observed Gibson driving erratically on an expired license plate. Officer James activated his emergency lights and initiated a traffic stop. Noting her slurred speech, bloodshot eyes, and erratic driving, Officer James believed that Gibson was operating a vehicle while intoxicated, and he arrested Gibson after she failed four field dexterity tests. When they returned to the police department, Officer James gave Gibson the opportunity to submit to a breathalyzer test, and she verbally agreed to do so. However, she also continuously begged Officer James to allow her to leave.

When taking a breathalyzer test, the testing equipment, once calibrated, requires an adequate sample of the examinee's breath to properly test for blood alcohol concentration. The individual is instructed to blow into a mouthpiece. If the examinee blows into the mouthpiece with a sufficient amount of force, the machine produces an even tone to indicate the adequacy of the sample.

Gibson's first and second attempts to take the breathalyzer test resulted in a reading of "incomplete" because she failed to produce an even tone.[2] Officer James allowed Gibson to make a third attempt, but that attempt also ended in a reading of "incomplete." During each of the three attempts to take the breathalyzer test, Gibson blew into the machine twice, providing a total of six breath samples, all of which were inadequate. Officer James determined that Gibson was not cooperating, and he recorded a refusal after the third test despite Gibson's plea to take the test a fourth time.

Gibson was charged with operating while intoxicated, a Class A misdemeanor, on May 4, 2001. On September 28, 2001, Gibson filed a motion to suppress the determination that she refused a chemical test arguing that "her inability to provide a sufficient breath sample was due to the operator's error in failure to follow procedures approved by the department of toxicology." Appellant's App. p. 47. After the trial court held a hearing on the motion, it was denied. Gibson then requested that the trial court certify its order denying her motion to suppress for interlocutory appeal. The trial court granted her request, and on March 20, 2002, our court accepted jurisdiction of this interlocutory appeal.

---

1. Ind.Code § 9–30–5–2 (1992 & Supp.2002).

2. There were actually four "evidence tickets" produced during Gibson's attempts to take the breathalyzer test. However, one of the tickets was removed from the machine by Officer James before the test was completed. Tr. p. 24. Officer James testified that he did not believe that Gibson attempted to provide a breath sample on that ticket, only on the other three. *Id.*

### Discussion and Decision

 Gibson argues that the trial court abused its discretion when it denied her motion to suppress her refusal to submit to a breathalyzer test because the arresting officer failed to follow the State Department of Toxicology's Approved Method for operation of a breathalyzer test.[3] The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb its decision absent a showing that the court abused that discretion. *Williams v. State*, 754 N.E.2d 584, 587 (Ind.Ct.App.2001), *trans. denied.* When we review a motion to suppress, we will not reweigh the evidence, but will determine if there is substantial evidence of probative value to support the trial court's ruling. *Camp v. State*, 751 N.E.2d 299, 301 (Ind.Ct.App.2001), *trans. denied.* "We look to the totality of the circumstances and consider all uncontroverted evidence together with conflicting evidence that supports the trial court's decision." *Id.* The trial court's judgment will be affirmed if it is sustainable on any legal grounds apparent in the record. *Id.*

 "A person who operates a vehicle in Indiana impliedly consents to submit to a chemical test." *Parks v. State*, 752 N.E.2d 63, 65 (Ind.Ct.App.2001) (citing Ind.Code § 9–30–6–1 (1998)). "A person's refusal to submit to a chemical test is admissible into evidence during a proceeding against that person for operating a vehicle while intoxicated." *Id.* (citation omitted). However, breathalyzer test results are admissible only if the test opera-

tor, test equipment, chemicals used in the test, if any, and the test techniques have been approved by the department of toxicology. *State v. Johanson*, 695 N.E.2d 965, 966–67 (Ind.Ct.App.1998) (citing Ind. Code § 9–30–6–5 (1992 & Supp.2002)). "Failure to follow the techniques renders the breath test's results inadmissible." *Id.* (citation omitted).

The procedure for administering a breathalyzer test is described in Title 260 of the Indiana Administrative Code, rule 1.1–4–8, and it provides in pertinent part:

(1) The person to be tested must have had nothing to eat or drink, must not have put any foreign substance in his or her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken.

(2) The green LED on the instrument display must be lighted.

(3) Depress the run button, enter the password, and insert the EVIDENCE TICKET.

(4) Follow the displayed request for information, and enter by the keyboard.

(5) When the PLEASE BLOW appears, place a new mouthpiece in the breath tube; subject must deliver a breath sample.

(6) When the printer stops, remove the EVIDENCE TICKET from the instrument and check the EVIDENCE TICKET for the numerical alcohol SUBJECT SAMPLE and correct date and time.

---

3. In her brief, Gibson also argues that the results of the breathalyzer test should be suppressed because there is insufficient evidence that she refused to submit to the test. Gibson failed to raise this argument in the trial court; therefore it is waived. *See Hay v. Hay*, 730 N.E.2d 787, 793 (Ind.Ct.App.2000). Regardless, Officer James testified at the suppression. hearing, and the videotape record of the test-

ing shows, that Gibson did not cooperate when taking the test. He also gave her three chances to take the test, and during each test, Gibson failed to provide a sufficient breath sample to produce an even tone from the breathalyzer machine for any significant length of time. *See* Ex. Vol., Defendant's Ex. 1.

(7) If the EVIDENCE TICKET displays one (1) of the following messages, the test is not valid; proceed as instructed:

. . .

(D) If "SUBJECT SAMPLE, INCOMPLETE" is printed on the EVIDENCE TICKET, return to step 2 (subdivision (2)) and perform a second breath test. If "SUBJECT SAMPLE, INCOMPLETE" is printed on the EVIDENCE TICKET of this second breath test, obtain [sic] alternate chemical test for ethanol or perform the breath test on another evidentiary breath test instrument. *However, if the "SUBJECT SAMPLE, INCOMPLETE" was caused by the lack of cooperation by the subject, the breath test operator should record that the test was refused.*

Ind. Admin. Code tit. 260, r. 1.1–4–8 (2000) (emphasis added).

Gibson argues that Officer James failed to comply with the approved method for giving a breathalyzer test because after the second test resulted in a reading of "incomplete" he should have obtained an alternate chemical test or performed the test on another evidentiary breath test instrument. Gibson contends that strict compliance with the approved method is required and deviation from that method requires the suppression of any evidence of refusal to submit to a chemical test. In support of this argument, Gibson relies on *Bowman v. State*, 564 N.E.2d 309 (Ind.Ct. App.1990), *trans. granted* and *aff'd in part* by 577 N.E.2d 569 (Ind.1991) and *State v. Johanson*, 695 N.E.2d 965 (Ind.Ct.App. 1998).

In *Bowman*, the officer did not record the test ampoule control number on the form used to record the breath alcohol result as required by the approved method. *Bowman*, 564 N.E.2d at 311. We noted that "the recordation requirement clearly has the purpose of facilitating the verification of the accuracy of the test, a concern which certainly has bearing on both the weight and admissibility of the test." *Id.* Therefore, despite the State's argument that recording the ampoule control number was merely an administrative housekeeping duty, we held that the trial court erred when it admitted the results of the breathalyzer test into evidence.[4] *Id.* at 312.

In *Johanson*, the officer administered the breathalyzer test and the defendant's blood alcohol level ("BAC") registered .16% on the machine's digital screen. *Johanson*, 695 N.E.2d at 966. However, the results of the test did not print properly on the evidence ticket; therefore, the officer manually wrote the BAC displayed results and the time of the test on the ticket. *Id.* We held that the trial court properly suppressed the results of the breathalyzer test because "[t]he statute and regulations governing the administration of breathalyzer tests clearly contemplate strict compliance" and the evidence ticket "is independent evidence that is mandated by the regulations." *Id.* at 967.

Both *Bowman* and *Johanson* reflect our court's concern regarding the accuracy and objective verification of breathalyzer results; hence, the requirement of strict compliance with the approved method in the administration of breathalyzer tests. In comparison, the facts in this case do not raise issues concerning the accuracy

4. Our supreme court granted transfer in *Bowman*, but stated that our court "correctly determin[ed] that due to improper procedures used in the administration of the breathalyzer test, the trial court erred in admitting into evidence the test results which indicated a .14% blood alcohol level." *Bowman*, 577 N.E.2d at 570.

of Gibson's breathalyzer test results. We also note, that while Gibson argues that under the approved method the officer should have obtained an alternate chemical test or performed the test on a different breathalyzer machine after her second test recorded an "incomplete" result, the approved method also sanctions another course of action, stating that if the test result of "incomplete" is caused by lack of cooperation, the officer should record that the test was refused. *See* Ind. Admin. Code tit. 260, r. 1.1–4–8. Under the facts and circumstances of this case, Officer James could well have made the refusal determination after the second test.

During each of the three tests, Officer James did not believe that Gibson was fully cooperating. In light of the consequences of recording a refusal on a breathalyzer test, namely, that the refusal would result in the suspension of the individual's driving privileges, Officer James' decision to give Gibson one more chance to take the test, after she failed to cooperate during the first two tests, was actually beneficial to Gibson. Also, Officer James' deviation from the approved method does not raise concerns regarding the accuracy of the tests results obtained. Therefore, we hold that the trial court did not abuse its discretion when it denied Gibson's motion to suppress the determination that she refused to submit to the breathalyzer test.

Affirmed.

BARNES, J., and VAIDIK, J., concur.