ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Mathew S. Sandy
Teri A. Cummins
Lafayette, Indiana

FILED
Jul 01 2009, 11:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 79S05-0902-CR-00092

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

JASON CIOCH,

*Appellee (Defendant below).*

Appeal from the Tippecanoe Superior Court, No. 79D06-0712-CM-2168
The Honorable Michael Morrissey, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 79A05-0804-CR-218

**July 1, 2009**

**Shepard, Chief Justice.**

The defendant in this drunk driving prosecution persuaded the trial court to suppress the results of his blood alcohol breath test on grounds that the test machine had not yet been adjusted

to reflect daylight saving time since it took effect a few days earlier and the police officer wrote the actual time of day by hand on the test results printed by the machine.

We hold the evidence should not have been suppressed.

**Facts and Procedural History**

On November 10, 2007, Purdue University Police Department officers stopped Jason Cioch for traveling the wrong direction on a one-way street. Once they did so, they concluded he was operating his vehicle while intoxicated and transported him for an alcohol concentration equivalency breath test. Eric Chin, a certified breath test operator, administered the breath test using a B.A.C. Datamaster. Before administering the test, Chin noticed that the time on the Datamaster had not been adjusted since the change to Daylight Savings Time the previous Sunday and therefore was off by one hour. Because Officer Chin did not have the ability to change the time on the Datamaster, he contacted several other local law enforcement agencies in an unsuccessful attempt to locate a breath test instrument with the correct time. Chin then administered the test, and Officer Neal noted in his Incident/Investigation Report the actual time of the breath test as well as the difference between the actual time and the ticket printed by the Datamaster. The time noted on the evidence ticket and the actual time of the breath test were both within three hours after the officers stopped Cioch.

Because the breath test showed Cioch had a breath alcohol concentration equivalent to .08 grams of alcohol per 210 liters of breath, the State charged him with operating while intoxicated in a manner that endangers a person, a class A misdemeanor, operating while intoxicated with an alcohol concentration equivalent to at least .08 grams of alcohol but less than .15 grams of alcohol per 210 liters of breath, a class C misdemeanor, and a traffic infraction for traveling the wrong direction on a one-way street. Cioch moved to suppress the evidence of the breath test, citing the Daylight Savings problem. The trial court granted the motion, concluding

2

that the State failed to meet its burden of establishing an adequate foundation for admitting the evidence.

The State appealed, and the Court of Appeals affirmed. State v. Cioch, No. 79A05-0804-CR-218, slip op. at 6 (Ind. Ct. App. Dec. 11, 2008). We grant transfer, 899 N.E.2d 757 (Ind. 2009) (Table).

**Admissibility of Evidence**

The State asserts the trial court erred in suppressing the breath test results merely because of an inaccurate timestamp on the breath test print out. We agree.

Breath test results are admissible in operating while intoxicated cases only if the techniques employed were those prescribed by the director of the department of toxicology at the Indiana University School of Medicine. Ind. Code § 9-30-6-5(a), (d) (2008); see also, Guy v. State, 823 N.E.2d 274 (Ind. 2005).

The department's approved techniques for conducting the test in question appear within Indiana's Administrative Code. See 260 Ind. Admin. Code 1.1-4-8(6) (2007). Our caselaw commonly says that breath test results may be admitted only when the test was conducted in "strict compliance" with these regulations. See, e.g., Bowman v. State, 564 N.E.2d 309, 311-12 (Ind. Ct. App. 1981) ("the detailed procedures to be followed reflect a determination that the test should be as accurate and free from uncertainty as possible"), modified on other grounds, 577 N.E.2d 569 (Ind. 1991).

The aspect of the breath test procedure challenged here is the timestamp on the evidence ticket. (Appellant's Br. at 4.) The relevant section reads: "When the printer stops, remove the

3

EVIDENCE TICKET from the instrument and check the EVIDENCE TICKET for the numerical alcohol SUBJECT SAMPLE and correct date and time." 260 I.A.C. 1.1-4-8(6) (2004).[1]

The State argues that Officer Chin followed each of the required steps for administering the test and that the procedures require only that the operator to check the evidence ticket for the correct date and time and are silent as to what course of action the operator should take if an anomaly occur.

While Indiana courts have yet to discuss whether the accuracy of the time stamp has anything to do with the reliability of the test results, the Missouri Court of Appeals has discussed the issue. In Bradford v. Dir. of Revenue, 735 S.W.2d 208 (Mo. Ct. App. 1987), the print-out from the breath machine showed an incorrect date, rather than the date the test was actually administered. The court determined: "The incorrect date on the print-out does not evidence a malfunction of the machine. It means either that someone forgot to reset the date . . . or, in the alternative, that the test in question was not given to Bradford." Id. at 210. "The fact that someone forgot to reset the date is irrelevant to the issue of whether the machine functioned properly." Id.

Two years later, the Missouri court decided Stuhr v. State, 766 S.W.2d 446 (Mo. Ct. App. 1989), a case in which both the time and the date stamped on the evidence ticket were incorrect. Relying on Bradford, the court determined the wrong date on the print-out is not evidence of malfunction. Id. at 449. The court further declared that the "time and date component of the machine is a separate component from that of the sample collection portion of the unit" and the "machine will still function properly even if the time and date are incorrect." Id.

We find these decisions instructive. Here, Officer Chin followed each of the required steps of the procedure. The record does not indicate that he did anything that calls into question the reliability of the instrument or the evidence ticket when he noticed the erroneous timestamp and wrote the actual time of day on it.

---

[1] The language of this rule has subsequently changed. See 260 I.A.C. 1.1-4-8(6) (West 2009) for current language.

The best authority Cioch offers in support of his position is <u>State v. Johanson</u>, 695 N.E.2d 965 (Ind. Ct. App. 1998).  In <u>Johanson</u>, the Court of Appeals affirmed a trial court's suppression of test results where the machine printed a blank ticket and the operator wrote in all the test information by hand from what he saw on the screen.  Without reflecting on whether that was adequate ground for suppression, we think the officer's action in this instance, noting a Daylight Savings difference, raises only a *de minimus* concern about the accuracy of the test results.  We hold that this evidence is admissible.

**Conclusion**

We reverse the order of suppression.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.