ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Justin F. Roebel
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
David M. Seiter
Indianapolis, Indiana



FILED

Nov 05 2012, 4:16 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1205-CR-264

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

ELVIS HOLTSCLAW,

*Appellee (Defendant below).*

Appeal from the Marion Superior Court, No. 49F18-1004-FD-029400
The Honorable Reuben Hill, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1108-CR-743

**November 5, 2012**

**Massa, Justice.**

This case presents a single question: does Appellate Rule 9, which tolls the thirty-day deadline for filing a notice of appeal when a party files a motion to correct error, apply to the State in a criminal case? We hold that it does.

**Facts and Procedural History**

On April 11, 2010, Mr. Elvis Holtsclaw was involved in a motor vehicle collision. The officer who responded to the scene, Detective William Crays of the Indianapolis Metropolitan Police Department, noticed that Holtsclaw was displaying several signs of intoxication. Holtsclaw subsequently consented to and failed field sobriety tests. Detective Crays read Indiana's implied consent statute to Holtsclaw, and Holtsclaw consented to a chemical test. Holtsclaw was transported to the test site, and Detective Crays observed him for twenty minutes before performing the breath test. After Detective Crays noticed that he had mistakenly entered his own name as the subject of the test, he performed a second test on Holtsclaw.

On April 13, the State charged Holtsclaw with four counts of drunk driving. Holtsclaw filed a motion to suppress the results of the two breath tests on November 3. After holding a hearing and reviewing briefs from both parties, the trial court granted Holtsclaw's motion on May 23, 2011. On June 21, the State filed a motion to correct error, and the trial court denied that motion on July 25. On August 16, rather than prosecute Holtsclaw without the breath test evidence, the State dismissed the charges against him. Three days later, the State filed a notice of appeal, arguing that the trial court erred when it suppressed the breath test evidence.

In response, Holtsclaw argued that the Court of Appeals lacked jurisdiction to hear the State's appeal because it was untimely and not authorized by statute. A majority of the court agreed with Holtsclaw and dismissed the State's appeal. State v. Holtsclaw, 961 N.E.2d 1026, 1029 (Ind. Ct. App. 2012).

We granted transfer, 967 N.E.2d 1035 (Ind. 2012) (table), thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A).

## Standard of Review

As this issue was not (and could not have been) raised in the trial court, and we have vacated the opinion of the Court of Appeals, App. R. 58(A), we address the issue de novo. We apply this same standard of review to any question of interpretation of our Rules. See Johnson Cnty. Rural Elec. Membership Corp. v. S. Cent. Ind. Rural Elec. Membership Corp., 883 N.E.2d 141, 143 (Ind. Ct. App. 2008) (reviewing "a purely legal question involving construction of the Indiana Trial Rules" de novo).

## The State's Appeal Is Timely

In support of his argument that the State's appeal is impermissible, Holtsclaw cites Indiana Code § 35-38-4-2, which states that in criminal cases the state may appeal only certain rulings, including "an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution" or "an order *granting* a motion to correct errors." Ind. Code § 35-38-4-2 (2008) (emphasis added). Holtsclaw argued that the State could not appeal under either of these provisions because it failed to appeal within thirty days of the order suppressing the evidence and had no statutory right to appeal the *denial* of its motion to correct error. In response, the State cited Appellate Rule 9, which provides that the thirty-day deadline to file a notice of appeal is tolled "if any party files a timely motion to correct error." Ind. Appellate Rule 9(A)(1). The State contended that Appellate Rule 9 took precedence over Indiana Code § 35-38-4-2, and thus its appeal was timely. We agree.

Our "rules of procedure prevail over any statute or statutory construction." State ex rel. Crawford v. Del. Cir. Ct., 655 N.E.2d 499, 500 (Ind. 1995). The General Assembly itself has recognized that we have sole authority over "practice and procedure in all the courts of Indiana," and that "all laws in conflict with the supreme court's rules have no further force or effect." Ind. Code § 34-8-1-3 (2008). Thus, in this conflict between Indiana Code § 35-38-4-2 and our Appellate Rule 9, the former must give way to the latter.

3

Appellate Rule 9 states that "if *any party* files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion . . . or thirty (30) days after the motion is deemed denied . . . whichever occurs first." App. R. 9(A)(1) (emphasis added). The State is undoubtedly a party, and Holtsclaw concedes that the State's June 21, 2011 motion to correct error was timely. The trial court denied that motion on July 25, 2011. Pursuant to Appellate Rule 9, the State then had until August 24—thirty days "after the court's ruling on such motion"—to file its Notice of Appeal. The State filed its Notice of Appeal on August 19, well in advance of that deadline. Thus, the appeal is timely.

Were we to reach the opposite conclusion, we would subvert the purpose of our own Rules, which are intended "to secure the just, speedy and inexpensive determination of every action." Ind. Trial Rule 1. If the State knows it may lose its right to appeal by filing a motion to correct error in the trial court, the State will certainly stop filing such motions and bring every appealable issue straight to the Court of Appeals. This outcome would be detrimental to the integrity of our trial courts, which deserve the opportunity to reconsider decisions that may have been made hastily or in the heat of trial.[1] It would be no less detrimental to our already-crowded appellate docket. It would do nothing to further, and much to hinder, "the just, speedy and inexpensive determination" of criminal cases. Thus, we reject it.

Finally, to the extent that Holtsclaw argues that this outcome violates the federal and Indiana constitutions, he has waived his argument by failing to appropriately develop or support it. See Ind. Appellate Rule 46(A)(8)(a) (requiring conclusions to be "supported by cogent reasoning" and "citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). Although there was some discussion of the constitutional issue at oral

---

[1] We recognize that the trial judge in this case made a ruling after considering briefs from both parties and holding a hearing on the evidentiary issue, but not all rulings are so well-considered. See, e.g., State v. Hobbs, 933 N.E.2d 1281, 1283 (Ind. 2010) (reversing ruling in which trial court suppressed evidence sua sponte without hearing from either party).

4

argument, Holtsclaw did not raise it in his brief in the Court of Appeals, and it merited only two conclusory sentences in his response to the State's transfer petition. Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (deeming argument presented in "a two-sentence concluding paragraph . . . supported neither by cogent argument nor citation to authority" to be waived).

## Conclusion

We remand this case to the Court of Appeals for consideration of the merits of the State's appeal.

**Dickson, C.J., Rucker and David, JJ., concur.**