**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID M. SEITER**
Garrison Law Firm, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-743 |
| | ) | |
| ELVIS HOLTSCLAW, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1004-FD-29400

**December 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

The State of Indiana appeals the trial court's grant of Elvis Holtsclaw's motion to suppress breath test evidence obtained following a motor vehicle collision. The sole issue presented for our review is whether the trial court abused its discretion in granting Holtsclaw's motion to suppress. Considering the evidence most favorable to the trial court's ruling, we find no abuse of discretion and affirm.

**Facts and Procedural History**

The facts indicate that on April 11, 2010, Holtsclaw's vehicle collided with a motorcycle driven by Jeremy Dulin. Indianapolis Metropolitan Police Department ("IMPD") Detective William Henry Crays, Jr., responded to the scene. When Detective Crays arrived, Dulin had already been transported to the hospital and Holtsclaw was in handcuffs. Detective Crays noticed that Holtsclaw was exhibiting several signs of intoxication including the smell of alcohol on his breath, red and bloodshot eyes, and poor manual dexterity. Holtsclaw consented to and failed field sobriety tests. Detective Crays read Indiana's implied consent statute to Holtsclaw, and Holtsclaw consented to a chemical test. Holtsclaw was transported to the IMPD roll call site for the test.

Detective Crays, a certified breath test operator, observed Holtsclaw for twenty minutes before administering a DataMaster breath test. At some point after reviewing the results of the test, which indicated a blood alcohol concentration ("BAC") of .09 grams of alcohol per 210 milliliters of breath, Detective Crays realized that he had inadvertently typed his own name as the "subject" of the test. Tr. at 20-21. Detective Crays then decided that he

2

needed to administer a second test. Although Detective Crays testified that he waited and observed Holtsclaw for twenty minutes before having him submit to a second breath test, the detective's initial police report stated that he waited only ten minutes after realizing the error in the first test before having Holtsclaw submit to the second test. The second test revealed a BAC of .08 grams of alcohol per 210 milliliters of breath.

On April 13, 2010, the State charged Holtsclaw with one count of class D felony operating a motor vehicle while intoxicated ("OWI"), one count of class A misdemeanor OWI, one count of class D felony operating a motor vehicle with a BAC at 0.08% or higher, and one count of class C misdemeanor operating a motor vehicle with a BAC between 0.08% and 0.15%. On November 3, 2010, Holtsclaw filed a motion to suppress the results of the two breath tests. The trial court held a suppression hearing on February 8, 2011. On May 23, 2011, the trial court granted the motion to suppress. On June 21, 2011, the State filed a motion to correct error, which the trial court denied on July 25, 2011. On August 16, 2010, the State dismissed the charges against Holtsclaw.

On August 18, 2011, the State filed its notice of appeal, arguing that the trial court erred when it suppressed the breath test evidence. In response, Holtsclaw argued that the Court of Appeals lacked jurisdiction to hear the State's appeal because it was untimely and

3

not authorized by statute.[1]  A majority of this Court agreed with Holtsclaw and dismissed the State's appeal.  *State v. Holtsclaw*, 961 N.E.2d 1026 (Ind. Ct. App. 2012), *trans. granted*.  However, our supreme court granted transfer, thereby vacating our decision.  Ind. Appellate Rule 58(A).  In its recently issued opinion, our supreme court determined that the State's appeal was timely and therefore remanded the case to this Court for consideration of the merits of the State's appeal.  *State v. Holtsclaw*, 977 N.E.2d 348 (Ind. 2012).[2]  Accordingly, we address the State's appeal on the merits.

### Discussion and Decision

Upon appellate review of a trial court's grant of a motion to suppress, we must determine whether the record discloses "substantial evidence of probative value that supports the trial court's decision."  *State v. Washington*, 898 N.E.2d 1200, 1203 (Ind. 2008) (citation omitted).  When appealing the grant of a motion to suppress, the State is appealing from a negative judgment and must show that the trial court's ruling on the suppression motion was contrary to law.  *Id*.  We treat the review of a motion to suppress in a fashion similar to a challenge to the sufficiency of the evidence.  *State v. Keller*, 845 N.E.2d 154, 160 (Ind. Ct.

---

[1]  Specifically, Holtsclaw relied upon Indiana Code Section 35-38-4-2, which provides that in criminal cases the State may appeal only certain rulings, including "an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution" or "an order *granting* a motion to correct errors." (Emphasis added.)  Holtsclaw argued that the State could not appeal under either of these provisions because it failed to appeal within thirty days of the order suppressing evidence and had no statutory right to appeal the order *denying* its motion to correct error.  The State responded by citing Indiana Appellate Rule 9(A)(1), which provides that the thirty-day deadline to file a notice of appeal is tolled "if any party files a timely motion to correct error."

[2]  The court held that Indiana Appellate Rule 9, which tolls the thirty-day deadline for filing a notice of appeal when a party files a motion to correct error, applies to the State as a party in a criminal case.

App. 2006). We will not reweigh evidence or judge witness credibility, and will consider the evidence most favorable to the trial court's ruling. *Id*. We must review the totality of the circumstances, thereby requiring us to review all the facts and circumstances that are particular to this case. *Id*. We will not disturb the trial court's ruling on a motion to suppress absent a showing of an abuse of discretion. *Id*. That is to say, we may not reverse the grant of a motion to suppress unless the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *State v. Whitney*, 889 N.E.2d 823, 826 (Ind. Ct. App. 2008).

Breath test results are admissible only if the techniques employed were those prescribed by the director of the department of toxicology at the Indiana University School of Medicine. *State v. Cioch*, 908 N.E.2d 1154, 1155 (Ind. 2009) (citing Ind. Code § 9-30-6-5(a), -(d)). "The department's approved techniques for conducting the test in question appear within Indiana's Administrative Code." *Id.* (citing 260 Ind. Admin. Code 1.1-4-8(6)). Breath test results may be admitted only when the test was conducted in strict compliance with these regulations, as the detailed procedures to be followed reflect a determination that the test should be as accurate and free from uncertainty as possible. *Id*; *see also State v. Johanson*, 695 N.E.2d 965, 967 (Ind. Ct. App. 1998) (statute and regulations governing administration of breath tests clearly contemplate strict compliance and there is no indication that this requirement can be circumvented by introduction of inherently less reliable evidence). The sufficiency of a foundation for admitting breath test results is a matter left to the sound discretion of the trial court. *State v. Molnar*, 803 N.E.2d 261, 265 (Ind. Ct. App.

2004). "The State has the burden of establishing the foundation for admitting the breath test results because the State is the party offering the results of the test." *Id*.

The aspect of the first breath test procedure that is challenged here is the entry of the subject's name on the breath test ticket. The relevant administrative section reads: "Follow the displayed request for information, and enter the information by the keyboard." 260 I.A.C. 1.1-4-8(4). Here, Detective Crays failed to strictly comply with this procedure when he typed his own name as the subject of the test. This resulted in a breath evidence ticket indicating that Detective Crays had a BAC of .09 grams of alcohol per 210 milliliters of breath. The breath ticket is independent evidence that is mandated by the regulations. *Johanson*, 695 N.E.2d at 967. Holtsclaw's name appears nowhere on the test results, and thus we agree with Holtsclaw that this evidence is unreliable on its face.[3]

The challenged aspect of the second breath test procedure also raises concerns as to the reliability of the evidence. The relevant administrative section provides that the person to be tested must not have put any foreign substance into his or her mouth or respiratory tract within twenty minutes before the time a breath sample is taken. 260 Ind. Admin. Code 1.1-4-

---

[3] We agree with Holtsclaw that this case is factually distinguishable from our supreme court's opinion in *Cioch*, 908 N.E.2d 1154. In *Cioch*, before administering the breath test, the police officer noticed that the time on the DataMaster had not been adjusted to reflect a change to daylight savings time. *Id*. at 1155. The officer administered the test, noting in his incident report the actual time of the test as well as the difference between the actual time and the time printed on the breath ticket. Our supreme court reversed the trial court's suppression of the evidence, concluding that the officer followed all required steps and the record did not indicate that the officer did anything to call into question the reliability of the instrument or the evidence ticket when he noticed the erroneous timestamp and wrote the actual time of day on it. *Id*. at 1156. Specifically, the court concluded that the officer's action of noting a daylight savings difference raised "only a *de minimis* concern" about the accuracy of the test results, and was insufficient to warrant suppression. *Id*. at 1156-57.

8(1)(B). "The concern over foreign substances [placed in] a person's mouth is the potential for the substances to absorb and retain alcohol in the mouth, which could falsely elevate the breath alcohol concentration." *Guy v. State*, 823 N.E.2d 274, 277 (Ind. 2005).

Detective Crays testified at the suppression hearing that, after realizing his error with the first test, he decided to perform a second breath test. He testified that he waited twenty minutes after the first test to perform the second test. The timestamp on the first test indicated that it was completed at 8:22 a.m., and the timestamp on the second test indicates that it was commenced at 8:45 a.m., revealing a time span of twenty-three minutes between tests.

However, the concern is not merely the actual interval between tests, but the observation of the subject to ensure that foreign substances have not been placed in the subject's mouth. Contrary to his testimony at the suppression hearing, Detective Crays stated in his police report that he waited only ten minutes after realizing his error on the first test to perform a second test. Detective Crays testified that he could not recall whether or not Holtsclaw was handcuffed during the first test, the second test, or between the tests. The record indicates that Detective Crays contacted the prosecutor during the time period between the tests and also completed an affidavit for probable cause which, regardless of the interval between tests, calls into question whether and for how long Detective Crays actually observed Holtsclaw. Although Detective Crays attempted to explain away the inconsistency between his police report and his testimony during the suppression hearing, the trial court

was free to judge his credibility in this regard, and we will not second-guess that determination.

For the first time on appeal, the State asserts that Detective Crays was under no obligation to observe Holtsclaw for an additional twenty minutes between tests because the breath test mouthpiece from the first test was the only thing placed in his mouth and that is not considered a foreign substance. *See State v. Lucas*, 934 N.E.2d 202, 206 (Ind. Ct. App. 2010), *trans. denied*. However, during the suppression hearing, the State never suggested that the twenty-minute observation period did not apply to the second test. It is well settled that Indiana appellate courts look with disfavor upon issues raised for the first time on appeal without first raising the issue to the trial court. *State v. Peters*, 921 N.E.2d 861, 867 (Ind. Ct. App. 2010). "When the State is a party to a state court proceeding, it, like all parties, must comply with the rules then governing, and its actions, like those of all parties, are subject to scrutiny under principles of waiver and estoppel." *Id*. This argument is waived.

Upon review of the evidence most favorable to the trial court's ruling on the motion to suppress, we conclude there are facts in the record which support a conclusion that Detective Crays failed to strictly comply with our administrative regulations. Mindful of our standard of review, we cannot say that the evidence is without conflict and all reasonable inferences

lead to a conclusion opposite that reached by the trial court.[4] We need not and do not decide whether either one of the foregoing procedural irregularities standing alone would support suppression of a single item of breath test evidence. Instead, when looking at the totality of the circumstances and after reviewing all the facts and circumstances that are particular to this case, we cannot say that the trial court abused its discretion when it granted Holtsclaw's motion to suppress the breath test evidence.

We emphasize that the trial judge here did not make this decision hastily. Indeed, prior to remanding this case to us for consideration on the merits, Justice Massa writing for our supreme court specifically noted that the trial judge in this case made a "well-considered" ruling after considering briefs from both parties and holding a hearing on this evidentiary issue. *See Holtsclaw*, 977 N.E.2d at 350 n.1. After considering the evidence presented, the trial court concluded that the State did not meet its burden of establishing the foundation for admitting the breath test results, and the State has not shown that the trial court's conclusion constituted an abuse of discretion. We therefore affirm the trial court's suppression of the breath test evidence.

---

[4] We note that the parties spent much time before the trial court debating whether Detective Crays's admitted failure to offer a portable breath test or chemical test to Dulin, the motorcycle driver involved in the accident with Holtsclaw, requires suppression of Holtsclaw's breath test results. Pursuant to Indiana Code Section 9-30-7-3(a), a law enforcement officer "shall offer a portable breath test or chemical test to any person who the officer has reason to believe operated a vehicle that was involved in a fatal accident or an accident involving serious bodily injury." Because we affirm the trial court's suppression on other grounds, we decline the invitation to decide the implications of Indiana Code Section 9-30-7-3(a) and save for another day the determination of what remedy lies for law enforcement's failure to comply with that statutory mandate.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.