ATTORNEYS FOR APPELLANT
James R. Williams
Matthew L. Kelsey
DeFur Voran LLP
Muncie, Indiana

ATTORNEYS FOR APPELLEES
Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
David L. Steiner
Deputy Attorneys General
Indianapolis, Indiana



FILED
Aug 15 2017, 1:04 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 81S01-1708-PL-529

THE BOARD OF COMMISSIONERS OF UNION
COUNTY, INDIANA,

*Appellant (Plaintiff below),*

v.

JOE MCGUINNESS, IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF THE
INDIANA DEPARTMENT OF TRANSPORTATION
AND THE INDIANA DEPARTMENT OF
TRANSPORTATION,

*Appellees (Defendants below).*

Appeal from the Union Circuit Court, No. 81C01-1507-PL-118
The Honorable Brian D. Hill, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 81A01-1603-PL-696

**August 15, 2017**

**Massa, Justice.**

The Board of Commissioners of Union County ("Union County") sought a declaratory judgment and an injunction against the Commissioner of the Indiana Department of Transportation, and the Department itself (collectively "INDOT") alleging that INDOT was negligent in its highway repair efforts, causing damage to several neighboring septic systems of Union County residents. The trial court dismissed the suit, finding Union County did not have standing to sue INDOT for injury done to its residents. We agree, and affirm.

## Facts and Procedural History

In 2010 or 2011, INDOT performed construction and repair work on U.S. Route 27 in Union County.[1] While undertaking this project, INDOT allegedly caused "septic system issues" on three landowners' private property. Appellant's App. at 25. After broaching the matter with INDOT with unsatisfactory results, Union County filed this action for a declaratory judgment and

---

[1] Throughout Union County's complaint and the parties' briefing on appeal, U.S. Route 27 is erroneously referred to as "state highway 27." Appellant's Br. at 1; State's Br. at 12–13. U.S. Route 27 is a part of the National Highway System, as designated by the Federal Highway Administration of the United States Department of Transportation. See U.S. Department of Transportation Federal Highway Administration, National Highway System: Indiana (August 23, 2016), https://www.fhwa.dot.gov/planning/national_highway_system/nhs_maps/indiana/in_indiana.pdf; Indiana Department of Transportation, Indiana Roadway Map 2017, http://www.in.gov/indot/files/2017%20Indiana%20State%20Map%20Part%201.pdf (last visited July 11, 2017); 23 U.S.C. § 103(b) (2012). "U.S. Routes" predate the building of the Interstate Highway System that began in the 1950s, and like the interstates, they span the nation crossing state lines. U.S. Route 27, for instance, runs from Miami, Florida to Fort Wayne. The confusion in the record below may stem from the fact that state transportation departments are tasked with the maintenance of these old U.S. Routes, rendering U.S. Route 27 a "state" highway for purposes of analyzing this dispute. See 23 U.S.C. § 116(b) ("It shall be the duty of the State transportation department or other direct recipient to maintain, or cause to be maintained, any project constructed under the provisions of this chapter or constructed under the provisions of prior Acts."); Indiana Department of Transportation, INDOT Facts, http://www.in.gov/indot/2337.htm (last visited July 11, 2017) ("INDOT is responsible for state roads, interstates and U. S. routes including adjacent overpasses and ramps on these roadways."). We nevertheless will refer to the road by its correct designation, despite its description as "state highway 27" throughout the record below.

an injunction against INDOT, seeking repair of the septic systems and "[a]n Order declaring [U.S.] highway 27 and any associated storm drain the responsibility of INDOT and not Union County, Indiana[.]" Appellant's App. at 25. INDOT filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6), asserting Union County lacked standing to sue and thus had failed to state a claim upon which relief could be granted. The trial court agreed, granted the motion to dismiss, and subsequently denied Union County's motion to correct error. Union County appealed, and our Court of Appeals reversed, finding that a declaratory judgment was an appropriate vehicle for resolving the question of "responsibility" for U.S. Route 27, and Union County could maintain an action for injunctive relief on behalf of its citizens under third-party standing doctrines, specifically public standing, associational standing, and *parens patriae* authority. Bd. of Comm'rs of Union Cty. v. Hendrickson, 67 N.E.3d 1061, 1067–71 (Ind. Ct. App. 2016). We hereby grant INDOT's petition to transfer, and vacate the Court of Appeals' decision below. Ind. Appellate Rule 58(A).

**Standard of Review**

"We review de novo the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6)." Caesars Riverboat Casino, LLC v. Kephart, 934 N.E.2d 1120, 1122 (Ind. 2010).[2] In so reviewing, "we look at the complaint in the light most favorable to the plaintiff, with every inference drawn in its favor, to determine if there is any set of allegations under which the plaintiff

---

[2] We note that, in response to INDOT's motion to dismiss, Union County designated an affidavit of its sanitarian, which is evidence outside of the pleadings and thus would ordinarily convert this matter into a motion for summary judgment, since it was not expressly excluded by the trial court. See Ind. Trial Rule 12(B). However, it is apparent from the trial court's disposition of this motion that the designated affidavit played no part in its decision. Thus while it was error for the trial court to not formally exclude the affidavit in its order, that error was harmless. Cf. Reich v. Lincoln Hills Christian Church, Inc., 888 N.E.2d 239, 244 (Ind. Ct. App. 2008) (holding the trial court's failure to convert a motion to dismiss into a motion for summary judgment after an affidavit was filed in response to the motion was harmless error, where the affidavit had no impact on the decisive Statute of Frauds issue). We therefore shall examine this case from a posture of a Rule 12(B)(6) dismissal, and similarly exclude the affidavit from our analysis.

could be granted relief." King v. S.B., 837 N.E.2d 965, 966 (Ind. 2005). "A dismissal under Trial Rule 12(B)(6) is improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." Id.


### Union County Has Not Pled Adequate Facts to Maintain a Declaratory Judgment Action on Its Own Behalf.


Indiana Trial Rule 8(A) places a lower limit on a plaintiff's pleading obligation, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Nevertheless, "[a]though the plaintiff need not set out in precise detail the facts upon which the claim is based, [they] must still plead the operative facts necessary to set forth an actionable claim." Trail v. Boys & Girls Clubs of Nw. Indiana, 845 N.E.2d 130, 135 (Ind. 2006). Among such "operative" facts in a declaratory judgment action are those necessary to support that the plaintiff has personal standing to bring suit. See State ex rel. Cittadine v. Indiana Dep't of Transp., 790 N.E.2d 978, 984 (Ind. 2003) (upholding the vitality of the public standing doctrine in Indiana, but noting that with respect to actions brought under the Declaratory Judgment Act, plaintiffs "must be persons 'whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise . . . .'" (quoting Ind. Code § 34-14-1-2)); see also Redev. Comm'n of Town of Munster v. Indiana State Bd. of Accounts, 28 N.E.3d 272, 276 (Ind. Ct. App. 2015), trans. denied ("In order to obtain declaratory relief, the person bringing the action must have a substantial present interest in the relief sought." (internal quotations omitted)).

The general rule of standing holds that "the proper person to invoke the court's power" is limited to those "who have a personal stake in the outcome of the litigation and who show that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained-of conduct[.]" Cittadine, 790 N.E.2d at 979. Our Court of Appeals found that Union County could maintain its declaratory judgment action, finding the allegations "may be viewed as akin to a dispute regarding ownership of or title to real property, which is an appropriate matter for resolution by declaratory judgment." Hendrickson, 67 N.E.3d at 1066.

4

But the inference necessary to adopt this viewpoint is that Union County has some underlying property interest at issue—and Union County has provided no facts or evidence in its pleadings to support that inference.[3]  Indeed, Union County has identified only INDOT as having control over U.S. Route 27, and three local landowners who own adjacent property.  The only connection with U.S. Route 27 that Union County has pled is its physical presence within the county, which does not in and of itself reasonably support the inference that Union County has any responsibility for it, particularly since it is a federal highway that the State must maintain.  See supra note 1.  Moreover, it is not a foregone conclusion that Union County has any direct property interest at stake (in the absence of pled facts or evidence to the contrary), since U.S. Route 27 may merely rest upon a public right-of-way, rather than government property acquired through condemnation or eminent domain proceedings.  See, e.g., Contel of Indiana, Inc. v. Coulson, 659 N.E.2d 224, 227 (Ind. Ct. App. 1995) (examining whether the State could grant a telephone company the right to bury cable adjacent to State Road 63, and noting that typically with former county roads in Indiana "the property rights of abutting landowners extend to the center of the roadway subject only to an easement of the public to use the street or highway.").  Nor has Union County asserted in its pleadings that it owns property separate and apart from U.S. Route 27 which was impacted by the alleged actions of INDOT, or that Union County could have an interest in U.S. Route 27 due to the public right-of-way.

---

[3] At oral argument, counsel for Union County argued that this remains an open question.  See Oral Arg. Video Tr. at 27:45–27:50 ("I'm not certain if it's a state ditch or a county ditch."); Oral Arg. Video Tr. at 28:30–28:40 ("The actual place where the cut occurred is clearly state ground, where the sewage is now being deposited is in dispute.").  While these factual assertions may have made a world of difference had they been included in the initial complaint, this Court cannot rely upon them when made for the first time at oral argument, as they are both unsworn and untimely for purposes of INDOT's motion to dismiss.  See Harris v. State, 427 N.E.2d 658, 662 (Ind. 1981) (noting that Indiana Trial Rule 59, which permits the filing of affidavits in conjunction with a motion to correct error, is an available mechanism "to bring facts *dehors* the record before the trial court and the Court of Appeals.").

In short, by crafting its complaint to avoid any connection to U.S. Route 27, Union County has also managed to avoid pleading any personal interest in its own case. As such, the trial court did not err in dismissing Union County's declaratory judgment claim for lack of standing.

### Union County Cannot Maintain Its Claim for Injunctive Relief Under Third-Party Standing Principles.

Union County also alleges a third-party interest in this suit, namely that INDOT's actions "may impact other properties and may implicate a broader public health and safety concern for Union County, Indiana."[4] Appellant's App. at 25. Unlike declaratory judgment actions, a party may seek equitable relief (such as an injunction) on the basis of third-party standing. Cf. Cittadine, 790 N.E.2d at 984 (holding public standing doctrine permitted action for emergency writ of mandamus). While the general rule of standing requires a personal interest in the outcome of the case, there are a number of exceptions which permit third parties to prosecute actions despite lacking such an interest. INDOT discusses three such exceptions in its petition to transfer, which we shall address in turn: public standing doctrine, associational standing doctrine, and *parens patriae* authority.

As we discussed extensively in Cittadine, the public standing doctrine dispenses with the personal interest standing requirement "in cases where public rather than private rights are at issue and in cases which involve the enforcement of a public rather than a private right." 790 N.E.2d at 983. Cittadine cited forty Indiana Supreme Court decisions stretching back to 1852 permitting

---

[4] Union County also made a claim at oral argument that it could pursue injunctive relief in its own right under Indiana Code section 36-1-6-4 (2012), because INDOT's conduct caused raw sewage to stand in an open ditch likely within INDOT's control, in violation of municipal ordinances. Oral Arg. Video Tr. at 22:30–24:00. This appears to have been Union County's first reference to this statutory authority to seek an injunction, and thus we find the argument waived for purposes of this motion to dismiss and appeal. See State v. Holtsclaw, 977 N.E.2d 348, 350–51 (Ind. 2012).

public standing in some shape or form, but all of them have at least one thing in common:  the action was brought by a citizen.  Indeed, that has been a critical aspect of the public standing doctrine since its inception in this State, because only a *member* of the public has standing to enforce rights *granted* to the public.   See Hamilton v. State ex rel. Bates, 3 Ind. 452, 458 (1852) ("That the defendant should discharge, correctly, the duties of his office, was a matter in which Bates, as a citizen of the county, had a general interest; and that interest was, of itself, sufficient to enable him to obtain the mandamus in question, and have his name inserted as the relator." (italics omitted)); see also Cittadine, 790 N.E.2d at 984 (finding Cittadine, "as a member of the motoring public," could invoke the public standing doctrine); Bd. of Comm'rs of Decatur Cty. v. State, 86 Ind. 8, 12–13 (1882) (holding that under the public standing doctrine, "it is only necessary that the relator shall be a citizen, and as such interested in the execution of the laws.").  Union County is thus unable to assert the public standing doctrine, since it is not a citizen.

Unlike the public standing doctrine, associational standing is largely a creature of federal law, and permits an association to sue on behalf of one or more of its members if:  "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977).  While this Court has found the public standing doctrine available under the Indiana Constitution,[5] we have never so ruled with respect to associational standing, though a number of decisions by our Court of Appeals have accepted the doctrine in Indiana.  See, e.g., Bd. of Comm'rs in Cty. of Allen v. Ne. Indiana Bldg. Trades

---

[5] See Cittadine, 790 N.E.2d at 979 (noting that "[u]nlike the language of Article III, Section 2 of the United States Constitution, the Indiana Constitution contains no 'case or controversy' requirement.  We have observed that an analogous function is fulfilled by the distribution of powers provision in Article 3, Section 1, of the Indiana Constitution.").

7

Council, 954 N.E.2d 937, 941 (Ind. Ct. App. 2011), trans. denied.; Save The Valley, Inc. v. Indiana-Kentucky Elec. Corp., 820 N.E.2d 677, 682 (Ind. Ct. App. 2005), trans. denied.

Assuming without deciding that associational standing is available in Indiana under the test articulated in Hunt, Union County has still failed to meet that standard. First, Union County is not an "association" for purposes of standing. Hunt held that the Washington State Apple Advertising Commission could qualify as an association, despite being a state agency, because "for all practical purposes, [it] performs the functions of a traditional trade association representing the Washington apple industry." 432 U.S. at 344. Union County serves no such specific associational purpose on behalf of its residents with respect to septic systems. Second, given that Union County's prayer for relief specifically called for "INDOT to immediately remedy any and all negligent and/or improper construction and repair work that resulted in septic and/or public health issues", participation of the three named landowners (i.e. "members") would clearly be required, as the individuals whose septic systems were allegedly damaged. Appellant's App. at 26.

In truth, it appears Union County has not asserted a standing argument at all, but rather has attempted to invoke *parens patriae* authority, which in Latin means "parent of his or her country," and refers to "the state in its capacity as provider of protection to those unable to care for themselves." *Parens patriae*, Black's Law Dictionary 1287 (10th ed. 2014). But it has long been settled that "a *state* may act as *parens patriae* on behalf of its citizens. However, a county has no sovereign powers and cannot act as *parens patriae*, asserting the claims of its residents." Bd. of Comm'rs of Howard Cty. v. Kokomo City Plan Comm'n, 263 Ind. 282, 295, 330 N.E.2d 92, 101 (1975) (internal citations omitted) (emphasis added); see also Shoemaker v. Bd. of Comm'rs of Grant Cty., 36 Ind. 175, 183–84 (1871) (holding that the county had no standing to sue the State to recover taxes illegally obtained from citizens "unless the money belongs to the county."). Union County is thus disqualified from claiming such authority in this case.

In sum, the trial court did not err in dismissing this action, as Union County has failed to plead any viable theory of standing to support its alleged cause of action.

8

## Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Union County's complaint for lack of standing.

Rush, C.J., and David, Slaughter, and Goff, JJ., concur.